UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-01322-SB-MRW | Date: | 1/7/2022 |
|---|---|---|---|

| Title: | *Pinkerton Tobacco Co., LP et al. v. The Art Factory AB et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER RE: MODIFICATION OF THE CASE MANAGEMENT ORDER

    On December 15, 2021, the Court entered its order on the Markman hearing conducted for this case and two other related cases, *Pinkerton Tobacco Co., LP et al. v. Kretek Int'l, Inc.*, No. 2:20-cv-08729-SB-MRW, and *Modoral Brands Inc. v. Swedish Match N.A. LLC*, No. 2:21-cv-05013-SB-MRWx. Dkt. No. 244. The Markman order stated that "free nicotine salt" as used in the '908 Patent "distinguishes a nicotine complex from the claimed 'nicotine salt,' and more specifically, affirmatively excludes nicotine polacrilex complex because it is 'not a nicotine salt.'" *Id.* at 11. In light of the seemingly dispositive effect of the Markman order on Plaintiffs' patent infringement claim—the only claim in this case—on December 21, 2021, the Court ordered the parties to file, by January 4, 2022, a joint report setting forth, "at a minimum, Plaintiffs' decision regarding their patent claims and the resulting impact on the revised proposed CMO deadlines." Dkt. No. 246. The parties timely filed their joint report. Dkt. No. 247.

    Plaintiffs "acknowledge that under the Court's Markman Order, Plaintiffs cannot prove that Defendants' accused DRYFT product utilizes a 'free nicotine

salt' required by the Asserted Claims as construed, either literally or under the doctrine of equivalents, and thus Plaintiffs cannot establish that the accused products infringe any of the asserted claims of the '908 patent." Dkt. No. 247 at 2. The parties are currently negotiating the terms of a stipulation of non-infringement and expect to seek entry of a judgment of non-infringement of the '908 patent subject to Plaintiffs' right to appeal. Entry of judgment of non-infringement would conclude this case and allow Plaintiffs to appeal without delay.

It is hereby **ordered** that any stipulation of non-infringement in this case be filed not later than **January 18, 2022**.

"If the parties cannot agree on the terms of a stipulation of non-infringement, Plaintiffs expect to unilaterally move for a judgment of non-infringement." Dkt. No. 247 at 3. Relatedly, if no agreement is reached, Defendants suggest "expedited summary judgment [proceedings] and [an] exceptional case briefing schedule. In the event the parties cannot agree on how to effectuate their agreement in principle for a straightforward judgment of non-infringement, if no stipulation is filed by January 18, 2022, then the Court adopts the briefing schedule set forth below. All other deadlines in the Case Management Order (CMO), Dkt. No. 227, are hereby vacated.

| Event | Deadline |
|---|---|
| Parties to meet and confer on motion for entry of judgment of non-infringement | January 18, 2022 |
| Defendants serve Plaintiffs their portion of joint brief (not to exceed ten pages) | January 25, 2022 |
| Plaintiffs serve Defendants their portion of joint brief (not to exceed ten pages) | February 8, 2022 |
| Defendants file joint brief | February 15, 2022 |
| Hearing on motion for entry of judgment of non-infringement | March 1, 2022 |

Defendants also intend to file a motion for attorneys' fees and costs. Upon entry of the anticipated judgment of non-infringement, this matter will be stayed pending appeal. Accordingly, consideration of any motion for attorneys' fees and costs will be deferred until the conclusion of Plaintiffs' appeal. Such motion must

be filed within **sixty days** from the date on which the Federal Circuit enters its mandate on Plaintiffs' appeal.

    **IT IS SO ORDERED**.